UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HARTFORD FIRE INSURANCE COMPANY,
Plaintiff

v.                                                                                          Case No.:

PENINSULA LOGISTICS, Inc.,
a Florida corporation for profit;
LORAN LEROY SMITH, SR., individually,
and
KEVIN ERB and BERNADETTE ERB,
Defendants

## COMPLAINT FOR DECLARATORY RELIEF

Hartford Fire Insurance Company ("Hartford"), by and through its undersigned counsel, files this Complaint for Declaratory Relief against Peninsula Logistics, Inc. ("Peninsula"), Loran Leroy Smith, Sr. ("Smith") and Kevin Erb and Bernadette Erb ("Erb"). Erb is joined as a Defendant in this action as an interested party pursuant to *Fed. R. Civ. Pro. 19 or 20*, and in support states as follows:

1. This is an action for declaratory relief pursuant to 28 U.S.C. §2201 for the purpose of determining an actual controversy between the parties.

2. Plaintiff, Hartford, is a Connecticut corporation with its principle place of business in Hartford, Connecticut.

3. Defendant, Peninsula, is a Florida corporation with its principle place of business in Sorrento, Florida.

4. Defendant, Smith, is an individual who resides in Florida.

5. Defendants Erb are individuals who reside in Florida.

6. The matter in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of attorney's fees and costs, as more fully set forth below.

7. Based upon the forgoing, this court has jurisdiction pursuant to *28 U.S.C. § 1332*.

8. Venue in the U.S. Middle District of Florida is proper based upon the fact that the auto accident, which forms the underlying basis for this litigation occurred in Polk County, Florida.

9. All conditions precedent to the institution of this action have occurred, been performed or have been waived.

10. On March 6, 2012, Defendant Smith, while operating a vehicle owned by Peninsula Foliage and Trucking (one of Peninsula's associated/affiliated entities) was involved in a multi-vehicle automobile accident in Polk County, Florida, which involved eleven (11) individuals who were allegedly/potentially injured.

11. At the time of the auto accident, Hartford insured Peninsula under Policy number 21 UEN OH1664, which provided Liability limits of one million dollars ($1,000,000.00) for any one accident or loss. A copy of the applicable policy is attached as "Exhibit A".

12. On March 6, 2012, Hartford and/or its retained claim administrator for the subject accident and related claims, Gallagher Bassett Services, Inc. ("Gallagher Bassett"), was notified of the auto accident and that there was a fatality as a result of the subject auto accident.

13. On that same day, March 6, 2012, Gallagher Bassett retained defense counsel, Mike Logan, Esq. to defend Peninsula and Smith and to investigate the claims and the potential liability of Peninsula and/or Smith.

14. Through the investigation of Gallagher Bassett and Mr. Logan, Esq. Hartford was

advised of certain claims being presented against Peninsula and Smith based upon allegations that Peninsula/Smith's negligence was the cause of the auto accident. These claims included those of:

a) The Estate of Wood, which alleged that the negligence of Peninsula/Smith caused the auto accident and subsequently caused the death of Frederick Wood, who was pronounced deceased at the scene of the auto accident;

b) The claims of Erb, specifically, those of Mr. Kevin Erb, who was transported from the scene of the auto accident to a local hospital, and whose counselsubsequently alleged that the negligence of Peninsula/Smith caused the auto accident and bodily injury to Mr. Erb, including the amputation of a portion of his left leg, and the related claims of his wife Bernadette Erb;

c) Mary Brooks, who was transported from the scene of the auto accident to a local hospital, and whose counsel subsequently alleged that the negligence of Peninsula/Smith caused the auto accident and bodily injury to Ms. Brooks;

d) Ralston Johnson, who was transported from the scene of the auto accident to a local hospital, and whose counsel subsequently alleged that the negligence of Peninsula/Smith caused the auto accident and bodily injury to Mr. Ralston;

e) Julio Rivera, who was transported from the scene of the auto accident to a local hospital, and whose counsel subsequently alleged that the negligence of Peninsula/Smith caused the auto accident and bodily injury to Mr. Rivera;

f) Christus McFarlane, who was transported from the scene of the auto accident to a local hospital, and whose counsel subsequently alleged that the negligence of Peninsula/Smith caused the auto accident and bodily injury to Mr. McFarlane;

e) Ronald Derocher, whose counsel subsequently alleged that the negligence of Peninsula/Smith caused the auto accident and bodily injury to Mr. Derocher.

14. On or about March 6, 2012, Hartford, through Gallagher Bassett first advised Peninsula of its potential exposure, in excess of the applicable liability limits of its policy with Hartford, in relation to the claims presented as a result of the auto accident. A copy of that correspondence is attached as "Exhibit B".

15. On or about March 19, 2012, a representative of Gallagher Bassett spoke with Mr. Wade Gossett, Vice President/Safety Director of Peninsula and advised him that Peninsula should retain separate counsel in light of contact from counsel for Mr. Erb inquiring as to whom Peninsula/Smith retained as counsel for any excess exposure.

16. On or about March 29, 2012, Kevin and Bernadette Erb filed suit in relation to the auto accident and the resulting injuries of Mr. Erb. That lawsuit styled *Kevin Erb and Bernadette Erb v. Peninsula Logistics, Inc. and Loran Smith*, Case No: 2012 CA 001509 was filed in Osceola County Circuit Court. On or about August 6, 2012, Erb's counsel, Mr. John Leighton, filed a Notice of Trial. On or about September 12, 2012, the court issued an Order scheduling the Erb case for jury trial on the court's trial docket commencing on September 9, 2013.

17. On or before May 29, 2012, Peninsula separately retained Clay Morris, Esq. to represent it and Smith independent of the defense counsel retained and paid for by Hartford to defend them.

18. By letter dated May 29, 2012, Mr. Morris advised Hartford he had been retained by Peninsula and acknowledged there were numerous claims from the auto accident that could potentially exceed the Hartford policy limit. Mr. Morris also acknowledged Hartford's attempt to schedule a global mediation to response the claims with that policy limit and requested that it

be scheduled in coordination with him, further advising he was unavailable through June 4, 2012. A copy of that correspondence is attached as "Exhibit C".

19. Through Mr. Logan's June 12, 2012 letter, Hartford advised counsel for Erb that it was globally tendering the $1,000.000.00 policy limit to all claimants and inviting all parties to a global settlement conference. This correspondence further advised that if the parties were unable to mutually agree on distribution of the policy limit at the global mediation settlement conference, as many claims as possible would be resolved at that time. A copy of that correspondence is attached as "Exhibit D".

20. On or about June 14, 2012, the personal representative of the Estate of Wood filed suit in relation to the March 6, 2012 auto accident and the resulting death of Mr. Wood. That lawsuit styled *Katherine Wood, as personal representative of the Estate of Wood v. Kevin Erb, Peninsula Logistics, Inc., Peninsula Trucking, Inc., O & L Transport, Inc., and Loran Smith*, Case No: 2012 CA 004057, was filed in Polk County Circuit Court. Mr. Logan defended Peninsula and Smith in that lawsuit and Hartford paid his legal fees in relation to that defense.

21. By letter dated August 28, 2012, Mr. Logan notified the claimants involved in the auto accident, or their respective counsels, of Hartford's intent to distribute the liability limit of one million dollars ($1,000,000.00) at a global settlement conference, which was originally scheduled to take place on September 17, 2012. A copy of Mr. Logan's correspondence regarding the proposed global settlement conference is attached as "Exhibit E".

22. The global settlement conference was scheduled to occur on September 17, 2012, to address the multiple potential claims against Peninsula and Smith. Thereafter, and based upon correspondence from counsel for Erb, who stated that the scheduled September 2012 date was a holiday, the global settlement conference was re-scheduled to occur on October 23, 2012. A

copy of Erb's counsel's correspondence and a copy of Mr. Logan's correspondence rescheduling the global settlement conference are attached as composite "Exhibit F".

23. On October 23, 2012, the global settlement conference took place with several claimants and their counsels in attendance, including counsel for the Estate of Wood. Also in attendance at that global mediation settlement conference was Mr. Gosset, from Peninsula, Mr. Logan, on behalf of Peninsula and Smith, Mr. Morris, Peninsula and Smith's independently retained counsel, a Hartford representative, a Gallagher Bassett representative and the mediator. Although notified of the October 23, 2012 global settlement conference, counsel for Kevin Erb refused to attend.

24. Despite Hartford's efforts, it was not possible to settle all claims presented against Peninsula and Smith at the global settlement conference for the $1,000,000.00 policy limit.

25. With the agreement and consent of Mr. Gossett and Mr. Morris, Hartford settled the claims of The Estate of Wood for the applicable policy's liability limits of one million dollars ($1,000,000.00) at the global settlement conference. As a result of that settlement and Hartford's subsequent payment of $1,000.000.00, Hartford secured for Peninsula and Smith a full and final release from The Estate of Wood and a Dismissal with Prejudice of the lawsuit filed against them by The Estate of Wood.

26. Upon payment of the liability policy limit to settle the claims of the Estate of Wood and resolve that pending lawsuit, with the knowledge and consent of Peninsula and the counsels for Peninsula and Smith, Hartford's duty to defend and duty to indemnify Peninsula and Smith under the terms of the applicable policy ended with regard to the March 6, 2012 auto accident and all claims resulting from that accident. The applicable policy states in pertinent part:

> Our duty to defend or settle ends when the Liability Coverage Limit of Insurance has been exhausted by payment of judgments or settlements…Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for the total of all damages and "covered pollution cost or expense" combined, resulting from any one "accident" is the Limit of Insurance for Liability Coverage shown in the Declarations.

(See Exhibit A).

27. At the October 23, 2012 global settlement conference, and again on January 7, 2013, Hartford advised Peninsula and Smith and their counsels that its duties to defend and indemnify them under the policy were exhausted based upon payment of the policy's liability limits to settle the claims of The Estate of Wood. However, despite no longer having a duty to defend Peninsula and Smith under the policy in any remaining litigation/claims associated with the March 6, 2012 auto accident, Hartford agreed to continue funding the defense of Peninsula and Smith in the pending Erb lawsuit and in any other litigation filed against Peninsula and Smith in relation to the March 6, 2012 auto accident. Hartford agreed to continue funding the defense solely for the benefit of its insured and to provide them with a continuing defense by Mr. Logan, who had been investigating all aspects of the auto accident since it occurred on March 6, 2012. A copy of Hartford's January 7, 2013 correspondence is attached as "Exhibit G".

28. In response to Hartford's offer to continue funding the defense of Peninsula and Smith, through the legal services of Mr. Logan or other reasonable counsel, Peninsula and Smith advised Hartford and Mr. Logan of their choice to have Mr. Morris replace Mr. Logan in defending them in the pending Erb litigation as well as any other pending litigation filed in relation to the March 6, 2012, auto accident. A copy of the correspondence issued on January 8, 2013, by Mr. Gossett, on behalf of Peninsula, and a copy of the correspondence issue on January

20, 2013, by Mr. Morris, on behalf of Peninsula and Smith, regarding this choice of defense counsel, are attached as composite "Exhibit H".

29. From March 6, 2012, through the last date of his defense of Peninsula and Smith, Hartford paid the legal fees of Mr. Logan. Moreover, Hartford has paid, or has agreed to pay upon submission, the legal fees billed by Mr. Morris, as Peninsula and Smith's requested defense counsel, in relation to his defense of Peninsula and Smith in the matter of *Kevin Erb and Bernadette Erb v. Peninsula Logistics, Inc. and Loran Smith*, Case No: 2012 CA 001509, as well as the related costs of defense of Peninsula and Smith in that action.

30. Hartford advised Peninsula and Smith in writing, more than once, that its duties to defend and indemnify under the policy were exhausted by virtue of Hartford's payment of the $1,000,000.00 policy limit to resolve the claims of the Estate of Wood. These letters clearly communicated that Hartford's separate agreement was limited solely to continuing to fund Peninsula's and Smith's defense with regard to pending litigation related to the auto accident. See Exhibits A, B, C, D, E, F, G. Additionally, a copy of the undersigned's June 28, 2013 letter to Mr. Morris is attached as "Exhibit I".

31. On or about October 15, 2013, Mr. Morris sent a letter to Hartford regarding the entry of a Final Judgment in the matter of *Kevin Erb and Bernadette Erb v. Peninsula Logistics, Inc. and Loran Smith*, Case No: 2012 CA 001509, which was filed on October 2, 2013, in Osceola County Circuit Court. A copy of that letter and its attachment (a copy of the Final Judgment) is attached "Exhibit J".

32. On or about October 18, 2013, Mr. Morris sent a letter to Hartford regarding the Jury verdict entered the matter of *Kevin Erb and Bernadette Erb v. Peninsula Logistics, Inc. and Loran Smith*, Case No: 2012 CA 001509, which was filed on September 20, 2013, in Osceola

County Circuit Court and requested that Hartford indemnify Peninsula and Smith for the judgment entered against them. A copy of that letter and its attachment (a copy of the Jury Verdict) is attached as "Exhibit K".

33. Hartford paid the $1,000,000.00 policy limit to response all claims against Peninsula and Smith and to obtain a complete release of Peninsula and Smith form The Estate of Wood. Therefore, Hartford has no duty to indemnify Peninsula and Smith for the judgment entered against them in the Erb lawsuit.

34. Based upon the foregoing, there is an actual and present controversy as to Hartford's obligations, if any, to indemnify Peninsula and/or Smith for the judgment entered in the matter of *Kevin Erb and Bernadette Erb v. Peninsula Logistics, Inc. and Loran Smith*, Case No: 2012 CA 001509 in Osceola County Circuit Court.

35. Based upon the foregoing there is an actual and present controversy as to Hartford's obligations, if any, under its policy to defend Peninsula and/or Smith for the judgment entered in the matter of *Kevin Erb and Bernadette Erb v. Peninsula Logistics, Inc. and Loran Smith*, Case No: 2012 CA 001509 in Osceola County Circuit Court.

36. Pursuant to *28 U.S.C. §2201,* this Court may declare the rights and obligations of Hartford, under its policy, if any, to Peninsula and/or Smith.

WHEREFORE, Hartford, respectfully requests this honorable Court to enter an Order finding and declaring that:

    A.     Hartford has no duty under the policy to defend Peninsula or Smith in any further litigation relating to the matter of *Kevin Erb and Bernadette Erb v. Peninsula Logistics, Inc. and Loran Smith;*

    B.    Hartford has no duty to indemnify Peninsula or Smith for the jury verdict and/or judgment entered against them in the matter of *Kevin Erb and Bernadette Erb v. Peninsula Logistics, Inc. and Loran Smith,* Case No: 2012 CA 001509and filed in Osceola County Circuit Court.

and for all other relief this court deems fair and just.

Respectfully Submitted,

*/s/ signature*

J. Suzanne M. Lehner, Esq.
Attorney for Plaintiff, Hartford

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via Electronic Mail and U.S. Mail to: Clay Morris, Esq., counsel for Defendants Peninsula and Smith, at Dean, Ringers, Morgan & Lawson, P.A., P.O. Box 2928, Orlando, Florida 32802-2928, Email: cmorris@drml-law.com and to Mr. John Leighton, Esq., at Leighton Law, 1401 Brickell Avenue, Suite 900, Miami, Florida 33131, John@LeightonLaw.com on this 30th day of October, 2013.

s/Suzanne M. Lehner
**J. Suzanne M. Lehner, Esq.**
Florida Bar No.: 002368
Quintairos, Prieto, Wood & Boyer, P.A.
4905 W. Laurel Street, 2nd Floor
Tampa, FL 33607
Telephone: 813-286-8818
Facsimile: 813-286-9998
Email: Suzanne.Lehner@QPWBLaw.com
Attorney for Plaintiff, Hartford